UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS DANIEL ROMAN MEDINA,

Petitioner,

v.

Case No. 2:26-cv-2845-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Carlos Daniel Roman Medina has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) He claims that the Attorney General is holding him illegally. Respondents concede that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 4.)

Petitioner seemingly demands his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Petitioner is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate

release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Petitioner with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Petitioner also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Petitioner with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. Within ten days of this order, the Government shall either bring Medina for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026); *Tejada v.*

*Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). Although the Government argues Medina has not exhausted his administrative remedies, the Court will waive that requirement here because its position is not to provide hearings where it bears the burden of proof. So exhaustion would be superfluous. The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 13, 2026.



Kyle C. Dudek
United States District Judge